FILED
January 25, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002369116

5

WILLIAM G. MALCOLM, #129271
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California 92612
Phone: (949) 252-9400
Facsimile: (949) 252-1032

Attorneys for Movant

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>ROBERT A. RAMIREZ AND ALICIA R. RAMIREZ,<br><br>Debtors.<br><br>CENTRAL MORTGAGE COMPANY, and its successors and/or assignees,<br><br>Movant,<br><br>vs.<br><br>ROBERT A. RAMIREZ AND ALICIA R. RAMIREZ, Debtors, and Michael D. McGranahan, Trustee,<br><br>Respondents. | Bankruptcy Case No. 09-47133<br><br>Docket Control No. WGM-1<br><br>Chapter 7<br><br>HEARING DATE:<br>DATE: February 23, 2010<br>TIME: 9:30 a.m.<br>CTRM: 35 |

**CENTRAL MORTGAGE'S MOTION FOR RELIEF FROM AUTOMATIC STAY ON REAL PROPERTY (855 Colonial Lane, Tracy, CA 95376); MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE**

**TO THE HONORABLE CHRISTOPHER M. KLEIN, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS, THE DEBTORS' COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

CENTRAL MORTGAGE COMPANY ("CENTRAL MORTGAGE"), and its successors and/or assignees, hereby moves this Court for an order terminating the automatic stay of

MOTION FOR RELIEF
GT/CM/53761

1

1    11 U.S.C. §362 as to Movant in the above-entitled and numbered case so that Movant may
2    commence and continue acts necessary to enforce its security interest in real property commonly
3    known as 855 Colonial Lane, Tracy, CA 95376.
4        CENTRAL MORTGAGE requests relief from stay in the above numbered Chapter 7
5    case because there is no equity in the Property to benefit the Debtors or the estate and Movant's
6    interest is not protected by an adequate equity cushion.
7        This Motion is based upon the attached Declaration and the Memorandum of Points
8    and Authorities attached hereto, as well as upon the documents filed in support of the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTORY STATEMENT**

CENTRAL MORTGAGE requests the Court to grant it relief from the automatic stay because there is no equity in the Property to benefit the Debtors or the estate and Movant's interest is not protected by an adequate equity cushion.

**II.**

**STATEMENT OF FACTS**

1. **The Secured Debt.** On or about February 27, 2006, ROBERT A. RAMIREZ AND ALICIA R. RAMIREZ made and delivered a Promissory Note in the original principal amount of $406,000.00, secured by a First Priority Deed of Trust on the Property commonly known as 855 Colonial Lane, Tracy, CA 95376 ("Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "1" and "2," respectively.

2. **The Default Under The Note.** The Note and Deed of Trust are contractually due for the September 1, 2009 payment. As a result of the default, CENTRAL MORTGAGE desires to record a Notice of Default and Election To Sell against the Property. The total delinquency under the Note is set forth in detail on Exhibit "3" to the Motion.

3. **The Debtors' Interest In The Property.** The Debtors are the owners of record of the Property.

4. **The Filing Of The Instant Petition.** On or about December 11, 2009,

MOTION FOR RELIEF    2
GT/CM/53761

ROBERT A. RAMIREZ AND ALICIA R. RAMIREZ filed the instant Chapter 7 Petition as Case No. 09-47133.

     5. **The Total Indebtedness Under The Note.** The total indebtedness owed to CENTRAL MORTGAGE, exclusive of attorneys' fees, is as follows:

| | |
|---|---:|
| Principal Balance: | $ 406,000.00 |
| Interest Accrued from September 1, 2009 to December 28, 2009 | $ 10,748.82 |
| Escrow Advance: | $ 1,754.75 |
| Total Fees: | $ 18.00 |
| Late Charges: | $ 439.84 |
| **TOTAL:** | **$ 418,961.41** |

     6. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| SECURED CREDITOR | LIEN AMOUNT |
|---|---:|
| 1.  CENTRAL MORTGAGE (1st trust deed) | $ 418,961.41 |
| 2.  WELLS FARGO BANK, NA (2nd trust deed) | $ 149,043.00 |
| TOTAL | **$ 568,004.41** |

     7. **The Value Of The Property.** By the Debtors' own admission, the Property has a fair market value of only $253,000.00. Accordingly, there is no equity in the Property to benefit the Debtors or the estate. True and correct copies of the Debtors' Schedules A and D are attached hereto as Exhibit "4."

III.

<b><u>RELIEF FROM STAY SHOULD BE GRANTED UNDER<br>SECTION 362(d)(2) BECAUSE THERE IS NO<br>EQUITY IN THE PROPERTY, NOR REORGANIZATION IN EFFECT</u></b>

     The evidence demonstrates that there is no equity in the Property. By the Debtors' own admission, the Property has a fair market value of $253,000.00 while the total indebtedness on the Property is $568,004.41. Based on the foregoing and the liquidation nature of this Chapter 7

1  proceeding, the stay should be terminated immediately. CENTRAL MORTGAGE has satisfied its
2  burden under Section 362(d)(2).

## IV.
## RELIEF FROM STAY SHOULD BE GRANTED UNDER
## SECTION 362(d)(1) DUE TO THE LACK OF ADEQUATE PROTECTION FOR
## MOVANT.

The evidence demonstrates that CENTRAL MORTGAGE is not protected by an adequate protection cushion. By the Debtors' own admission, the Property has a fair market value of $253,000.00 while the total amount owed to CENTRAL MORTGAGE is $418,961.41. Based on the foregoing, the stay should be terminated immediately. CENTRAL MORTGAGE has satisfied its burden under Section 362(d)(1).

## V.
## REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, CENTRAL MORTGAGE requests that the Court take judicial notice of the following facts:

1. The Debtors contend that the Property has a fair market value of $253,000.00. See Exhibit "4."

2. In addition to CENTRAL MORTGAGE's lien, the Property is encumbered by a second deed of trust in the amount of $149,043.00. See Exhibit "4."

///
///
///
///
///
///
///
///

# VI.
# CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow CENTRAL MORTGAGE to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

DATED: January 21, 2010　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　MALCOLM ♦ CISNEROS, A Law Corporation

　　　　　　　　　　　　　　　　　　By: /s/ William G. Malcolm
　　　　　　　　　　　　　　　　　　　　　WILLIAM G. MALCOLM
　　　　　　　　　　　　　　　　　　　　　Attorneys for Movant